## THE PEOPLE, ex rel. GILBERT ROBINSON, *v.* BENJA MIN FERRIS and others, Referees.

*Laying out Highway—Appeal—Referees—Powers of Supreme Court.*

Where proceedings have been taken under the statute to lay out a public highway, and an appeal from the order of the Commissioners has been taken according to law, and Referees have been appointed by the County Judge to hear and determine the appeal, and the Referees have affirmed the order of the Commissioners laying out the road, and the proceedings have been brought before the Supreme Court on a common-law *certiorari*, the Supreme Court have only authority to affirm or reverse such order of the Referees.

If the Court proceed further to vacate the order appointing such Referees, and order the appointing of a new board of Referees by the County Judge, &c., it transcends its authority, and such additional order is erroneous.

BOCKES, J.—This is an appeal from an order of the General Term of the Supreme Court in the Fourth District, made in a case brought before the Court by common-law *certiorari.*

Proceedings were taken under the statute to lay out a public highway through the enclosed lands of the relator, Gilbert Robinson, and one Stephen Temmerman, in the town of Argyle, Washington County, which resulted in an order by the commissioners of highways of the town laying out the proposed road.

An appeal from this order was taken as provided by law, whereupon the County Judge appointed three referees to hear and determine the appeal. The referees having notified the parties entitled to notice, proceeded in the execution of their duties, and finally (January 26th, 1858) made an order, concurred in and signed by two of their number, by which they affirmed the order of the commissioners laying out the road. The relator sued out a common-law *certiorari* directed to the referees, to which they made return of their proceedings, and on which return the case was heard and decided by the Supreme Court. That Court made an order as follows: "Decision of the referees vacated; *order appointing them set aside, the appeal to stand, to be determined by a new board of referees, to be appointed by the County*

*Judge."* The case is here on an appeal from the latter portion of the order above italicised. It will be observed that the part of the order vacating the decision of the referees is not appealed from, and of course is not under review. That was equivalent to a reversal by the Supreme Court of the proceedings and order of the referees, and to that extent the order stands unchallenged before this Court. The propriety or validity of the remaining portion of the order is the subject of the present examination.

The *certiorari* was directed to the referees, and brought up for review only the proceedings and determination of those officers; and the only duty devolving on the Supreme Court was to affirm or reverse their proceedings and decision. This was the extent of the authority resting in that Court (10 Wend. 167; 3 Hill, 426; 5 Hill, 413; 7 Hill, 577). It did not bring up the proceedings prior to their appointment, or present any question in regard to the regularity or correctness of the order appointing them; and it must necessarily follow that it was erroneous in that Court to set aside such order and prescribe future action in the case. As above suggested, the authority of the Supreme Court was limited to a reversal or affirmance of the order and proceedings of the referees.

It is urged that the part of the order appealed from, if without authority, was simply void; and that no appeal from such part could, therefore, be taken to this Court. On the argument it was stated and conceded that a motion had been made to dismiss the appeal on this and other grounds, and that the motion was denied.

Such decision must conclude the parties as regards that question. Besides, it has been the constant practice of Courts of review to reverse judgments and orders granted without jurisdiction.

This is often the only way in which the records of the Courts can be purged of errors and dangerous precedents.

In this case the error complained of doubtless occurred through the merest inadvertence, and could and would have been corrected by the Supreme Court, on motion, or even suggestion, and that would have obviated this appeal. I am, therefore, directed to

say as the opinion of the Court, that the reversal of the part of the order appealed from, should be without costs of appeal.

The part of the order appealed from reversed without costs.

All the Judges concurred in the above opinion.

JOEL TIFFANY,

State Reporter.
